IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Bradley Caddell, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | Case No. 3:14-cv-02249 |
| § | | |
| Brad Livingston, et al. § | | |
|    Defendants. § | | |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

**TO THE HONORABLE JUDGE OF SAID COURT**:

Defendants Brad Livingston, William Stephens, Robert Eason, Lannette Linthicum, Phylis McWhorter, by and through the Attorney General for the State of Texas, and file this Motion to dismiss for Failure to Exhaust Administrative Remedies. In support thereof, Defendants would respectfully show as follows:

In support of this motion, Defendants attach:

**Exhibit A:**  TDCJ Grievance Records for Bradley Caddell, TDCJ#1697940 with Supporting Business Record Affidavit (Bates Stamped Ex. A 1-5)

## STATEMENT OF THE CASE

This is an inmate civil rights suit. During all relevant times to his claim, Plaintiff was an inmate confined to the custody of the Texas Department of Criminal Justice (TDCJ) at the Hutchins Unit near Dallas, Texas and then the Michael Unit in Tennessee Colony, Texas. Defendants are various employees of the Texas Department of Criminal Justice. Plaintiff filed suit under 42 U.S.C. § 1983, the ADA and rehabilitation Act claiming Defendants were deliberately indifferent to a serious medical need in violation of his Eighth Amendment rights.

The incident in this case occurred at the Hutchins Unit on June 30, 2012. Plaintiff walked to the infirmary complaining of overheating and blurred vision. Medical staff at the infirmary began treating plaintiff until approximately 6:45pm when the decision was made to transport him at Parkland Hospital. Plaintiff was treated with intravenous fluids and returned to the unit at approximately 12:30am the morning of July 1, 2012.

Plaintiff alleges that his assignment to work in the boiler room and live in "dangerously hot dormitories" were violations of his civil rights.

Plaintiff has filed no grievances regarding this incident or any of the issues regarding heat, job assignments to the boiler room or the conditions in the dormitories.

## **MOTION TO DISMISS**

I.  **PLAINTIFF FAILED TO PROPERLY EXHAUST HIS ADMINISTRATIVE REMEDIES UNDER THE FIFTH CIRCUIT'S STRICT APPROACH.**

A close review of Plaintiff's grievances reveals he did not properly exhaust his administrative remedies. According to 42 U.S.C. § 1997e(a): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The purposes of this exhaustion requirement is to "give an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court" and to allow for claim resolution in proceedings before an agency because it is faster and more economical than litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81 (2006). Unexhausted claims *cannot be filed* in federal court. *Jones v. Bock*, 549 U.S. 199 (2007) (emphasis added). A prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001). The Supreme Court has held that the exhaustion

requirement requires "proper exhaustion," meaning that "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 2387.

In the Fifth Circuit, a "strict approach" is taken to the exhaustion requirement. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). TDCJ provides a two-step procedure for processing administrative grievances and provides inmates with detailed instructions on how to do so. *Johnson v. Johnson*, 385 F.3d 503, 515–16 (5th Cir. 2004). The inmate must properly complete both the Step One complaint and Step Two appeal to exhaust his administrative remedies. *See Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001). To initiate the grievance process, an inmate must first file a Step One grievance. *Johnson*, 385 F.3d at 515. A Step One grievance must be filed within fifteen days of the complained-of incident, and the grievance is addressed by the prison administration at the inmate's unit of assignment. *Id*. If an inmate is dissatisfied with the response to a Step One grievance or if he receives an adverse decision to his Step One grievance, he may file a Step Two grievance within ten days. *Id*. By filing a Step Two grievance, the inmate is effectively appealing the unit-level response. The investigations into and resolutions of Step Two grievances are handled at the state level. *Id*. An inmate must pursue a grievance through both steps for it to be considered exhausted. *Id*.

Though inmates are not required to specify specific legal theories in their grievances to properly exhaust, they must however, meet a threshold of specificity in order to do so. *Johnson* 385 F.3d at 518. "In deciding how much detail is required in a given case, we believe that a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials "time and opportunity to address complaints internally." *Id.* at 516 (citing *Porter v. Nussle*, 534 U.S. 516, 525, (2002). Thus, a grievance should be considered sufficient to the

extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit. *Id.* at 517.  In addition, the level of specificity required "should be interpreted in light of the grievance rules of the particular prison system, here the TDCJ." *Johnson,* 385F.3d at 516.  Further, as a practical matter, the amount of information necessary will likely depend to some degree on the type of problem about which the inmate is complaining.  By way of an example, the *Johnson* Court went on to state: "an inmate claims that a guard acted improperly, we can assume that the administrators...would want to know-and a prisoner could ordinarily be expected to provide-details regarding who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter." *Id.* at 517.

Here, a close review of Plaintiff's grievances reveals he did not file *any* grievances covering *any* of the necessary subjects, and that the grievances he did submit during his incarceration have nothing to do with his current claims before this Court

With no properly exhausted grievance, Defendants are entitled to dismissal of all claims against them.

## CONCLUSION

Defendants request that the Court grant Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies and dismiss all claims against them with prejudice and grant any other relief to which they are entitled to receive.

    Respectfully submitted,

    **GREG ABBOTT**
    Attorney General of Texas

    **DANIEL T. HODGE**
    First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Bruce R. Garcia
**BRUCE R. GARCIA**
Assistant Attorney General
Texas Bar No. 07631060

**CYNTHIA L. BURTON**
Assistant Attorney General
Texas Bar No. 24035455

Law Enforcement Defense Division
Office of the Attorney General
Post Office Box 12548
Austin, Texas  78711-2548
(512) 463-2080 / fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS**

NOTICE OF ELECTRONIC FILING

I, **BRUCE R. GARCIA**, Assistant General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Northern District of Texas, on this the 11th day of July, 2014.

/s/ Bruce R. Garcia
**BRUCE R. GARCIA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **BRUCE R. GARCIA**, Assistant Attorney General of Texas, certify that I have served all counsel or *pro se* parties of record electronically or by another manner authorized by FED. R. CIV. P. 5 (b)(2) on this the 11th day of July, 2014.

Jeffrey S. Edwards
The Edwards Law Firm
1101 East 11th Street
Austin, TX  78702

          /s/ Bruce R. Garcia
          **BRUCE R. GARCIA**
          Assistant Attorney General