UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADLEY CADDELL, | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-cv-2249 |
| | § | |
| | § | JURY DEMAND |
| BRAD LIVINGSTON, WILLIAM STEPHENS, | § | |
| RICK THALER, ROBERT EASON, JEFF | § | |
| PRINGLE, BALDEN POLK, LOUIS | § | |
| WILLIAMS, LANETTE LINTHICUM, | § | |
| PHYLLIS McWHORTER, and the TEXAS | § | |
| DEPARTMENT OF CRIMINAL JUSTICE | § | |
| DEFENDANTS | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

The Court should deny Defendants Brad Livingston, William Stephens, Robert Eason, Lannette Linthicum, Phlyis McWhorter, Balden Polk, and Rick Thaler's motions to dismiss the complaint for failure to exhaust administrative remedies (Doc. 8, 12, and 16) because the motion is frivolous and completely unsupported by the law.

**I.   SUMMARY OF THE RESPONSE**

The Prison Litigation Reform Act ("PLRA") only requires "prisoners" – people who are currently incarcerated – to exhaust administrative remedies. It is well-settled law in the Fifth Circuit and throughout the country that once a plaintiff has been released from custody, as Caddell was well before this suit was filed, the PLRA no longer applies and exhaustion of administrative remedies is not required. Thus, Defendants' motion is meritless and should be denied.[1]

---

[1] Defendants' counsel not only knew Caddell had been released, Plaintiff's counsel provided them with legal authority demonstrating their argument was baseless. Rather than withdraw the motion or cite to any legal authority, Defendants' counsel stated she disagreed and would proceed

## II. FACTS

Bradley Caddell suffered a heat stroke while incarcerated at the Texas Department of Criminal Justice's Hutchins State Jail during the summer of 2012. *See e.g.*, Doc. 1, Plaintiff's Complaint, ¶ 16. Defendants forced Caddell to live in a dormitory without air conditioning, even though the indoor apparent temperature routinely soared over 100 degrees. Despite knowing Caddell was at significantly increased risk of heat-related illness due to his disabilities (obesity and hypertension), Defendants purposely chose not to act and provide him safe housing conditions. *See id.*, ¶¶ 79-91. In fact, even though the extreme heat conditions at the Hutchins Unit caused a prisoner with similar medical conditions to die from heat stroke at the prison the previous year, Defendants did nothing to protect inmates like Caddell, and even forced Caddell to work in the prison's boiler room – by far the hottest location at the Hutchins State Jail. *See id.*, ¶¶ 92-108. Predictably, Caddell suffered a heat stroke and had to be hospitalized. *Id.*, ¶ 108. Even after his heat stroke, when the prison's medical provider instructed TDCJ to provide Caddell with air-conditioned housing because of his medical conditions, TDCJ refused to do so, and, in fact, sent him to live in another prison where a second man died of heat-related causes. *Id.*, ¶¶ 113-119.

After serving his short sentence, Caddell was released from prison on December 7, 2012. He was not incarcerated when he filed this lawsuit. *See* Ex. 3, Declaration of Caddell, ¶¶ 3-4; Doc. 12.1, TDCJ Mainframe Screenshot ("DS" – presumably "discharge" on 12/07/12).

---

with the motion, and then filed a "supplemental" motion that re-urged the same meritless arguments. Ex. 1, Correspondence of July 18, 2014.  Ex. 2, Correspondence of July 22, 2014.

### III.   ARGUMENT AND AUTHORITIES

#### A.   Caddell was Not Required to Exhaust Administrative Remedies

When this lawsuit was filed, Caddell was not a "prisoner." Thus, he did not have to comply with the PLRA's exhaustion of remedies provisions.

The PLRA prohibits "a prisoner confined in any jail, prison or other correctional facility" from bringing any federal lawsuit "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A "prisoner" is "any person incarcerated or detained in any facility who is … convicted of … violations of criminal law." 42 U.S.C. § 1997e(h).

A "prisoner," by definition, is someone *presently* "incarcerated or detained." *Id*. Once a person is released from custody, they are no longer a "prisoner" and the PLRA simply does not apply. *Janes v. Hernandez*, 215 F.3d 541, 543 (5th Cir. 2000). *See also Shanklin v. Chamblin*, 2012 WL 2376271, *4 (W.D. Tex. June 22, 2012) (Austin, Mag. J.) (collecting cases). In fact, district courts in the Fifth Circuit considering this precise issue have recently found Defendants' position "meritless." *Dolan v. Parish of St. Tammany*, 2014 WL 806462, *4 (E.D. La. Feb. 28, 2014). *See also Ghavami v. Alanis*, No. 5:05-cv-700-WRF, Doc. 102 (W.D. Tex. Apr. 4, 2006) (Furgeson, J.) (attached as Ex. 4).

Nor is the Fifth Circuit an outlier. Every Court of Appeals to consider the issue has rejected Defendants' position. *See Norton v. City of Marietta*, 432 F.3d 1145, 1150–51 (10th Cir. 2005); *Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009); *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005); *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (Easterbrook, J.); *Cox v. Mayer*, 332 F.3d 422, 424–25 (6th Cir. 2003); *Cofield v.*

3

*Bowser*, 247 Fed. Appx. 413, 414 (4th Cir. 2007); *Ahmed v. Dragovich*, 297 F.3d 201, 210 n. 10 (3rd Cir. 2002); *Greig v. Goord*, 169 F.3d 165, 167 (2nd Cir. 1999).

Though the Fifth Circuit has yet to address Defendants' argument in the context of exhausting administrative remedies, that is not the relevant provision of the PLRA. The *definition* section controls. The question is whether or not Caddell was a "prisoner" required to comply with *any* portion of the PLRA. "Prisoner" is not defined separately in the exhaustion of remedies section – there is only one definition of "prisoner," which the Fifth Circuit interpreted in *Janes. See* 42 U.S.C. § 1997e(h) (definition of "prisoner"). *Compare* 42 U.S.C. § 1997e(a) (exhaustion of remedies provision) *with* 42 U.S.C. § 1997e(d) (attorneys' fees provision). Defendants' argument would require words to mean different things in different parts of the statute – an absurd result in any case, but especially when the statute provides a clear definition.

When Plaintiff pointed out this fundamental flaw in Defendants' argument, instead of conceding they were wrong, they disingenuously doubled down on a busted hand. In fact, the only authority Defendants could find are district court opinions *that have been overruled. Morgan v. Maricopa Co.*, 259 F.Supp.2d 985 (D. Ariz. 2003) and *Mason v. San Mateo County*, 2005 WL 3957924 (N.D. Cal. 2005) were overruled by the Ninth Circuit in *Talamantes* in 2009. There, the Ninth Circuit specifically held a former prisoner who filed his suit after his release did not need to exhaust any administrative remedies. The Ninth Circuit rejected Defendants' policy arguments, holding "the plain language of the statute" required the result. "If Congress had intended for all individuals, including former prisoners, who wished to bring an action regarding prison conditions to

4

exhaust all available administrative remedies, it could have expressed that intention in the statute. Congress did not do so." *Talamantes*, 575 F.3d at 1024.

Finally, Defendants seek harbor in *Zehner v. Trigg*, 952 F.Supp. 1318 (N.D. Ind. 1997). *Zehner* was directly overruled by the Seventh Circuit in *Kerr*. Judge Easterbrook wrote "The statutory language does not leave wriggle room; a convict out on parole is not a 'person incarcerated or detained in any facility…'." *Kerr*, 138 F.3d at 323. The Seventh Circuit specifically rejected the Defendants' policy argument, holding "a distinction between current and former prisoners makes a modicum of sense: Congress deemed prisoners to be pestiferous litigants because they have so much free time on their hands and there are few costs to filing suit. Opportunity costs of litigation rise following release, diminishing the need for special precautions against weak suits." *Id*. And, of course, this is not a "weak suit." Despite knowing a man died of heat stroke at the same prison the previous year, Defendants exposed Caddell to hazardous conditions that put him in the hospital.

The law could not be more clear. People who are free citizens when their lawsuits are filed are not "prisoners" under the PLRA, and are not bound by any of its provisions. Thus, Plaintiff's claims may not be dismissed on this basis.[2]

### B.     Plaintiff should be awarded attorneys' fees

As Plaintiff's counsel notified Defendants' counsel that their position lacked a legal basis, provided them with case law directly on point rejecting their argument, and

---

[2] Furthermore, failure to exhaust is not a jurisdictional defect. *Woodford v. Ngo*, 548 U.S. 81, 101 (2006). Thus, Defendants cannot seek dismissal under Federal Rule of Civil Procedure 12(b). And while not necessary here given the patent flaw in Defendants' argument, as Defendants' attached evidence to their motion, the motion must be converted to a motion for summary judgment under Rule 56, so that Plaintiff receives a "reasonable opportunity" to conduct discovery. FED. R. CIV. PROC. 12(d); FED. R. CIV. PROC. 56.

told Defendants' counsel they would seek fees if forced to respond, Plaintiff should be awarded fees. Plaintiff's attorneys' fees are as follows:[3]

| | | | | | |
|---|---|---|---|---|---|
| Jeff Edwards, | 2.5 | hours x $450/hr. | = $ | 1,125 | |
| Scott Medlock, | 6.5 | hours x $350/hr. | = $ | 2,275 | |
| | | **Total** | **= $** | **$3,400** | |

Respectfully submitted,

EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, Texas 78702
Tel.    512-623-7727
Fax.   512-623-7729

By     /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Scott Medlock
State Bar No. 24044783
Lead Counsel


CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Northern District of Texas.


CERTIFICATE OF CONFERENCE

Plaintiff informed Defendants' counsel that their argument had no basis under the law in an attempt to avoid the need to respond, however, Defendants would not withdraw their motion.

/s Jeff Edwards

---

[3] Magistrate Judge Tolliver has approved these rates when awarding Plaintiffs' counsel their attorneys' fees in a companion heat-related case before Judge Lindsay, *McCollum, et al. v. Livingston, et al.*, Civil Action No. 3:12-cv-02037, Doc. 137 (N.D. Tex. – Dallas, Feb. 24, 2014).

6