UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
APR 4 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

MOEINEDDIN GHAVAMI,
Plaintiff

v.                                                SA-05-CA-700-RF

JUAN ALANIS et al.,
Defendants

### ORDER DENYING LEDESMA'S MOTION FOR SUMMARY JUDGMENT

Before the Court are (1) *Defendant Jose Ledesma's Motion for Summary Judgment and Supporting Brief* (Docket No. 65); (2) *Plaintiff's Response to Defendant Jose Ledesma's Motion for Summary Judgment and Motion for Attorney's Fees and Costs* (Docket No. 75); and *Defendant Jose Ledesma's Reply to Plaintiff's Response to Motion for Summary Judgment* (Docket No. 93). Motion DENIED.

Defendant Ledesma's summary judgment argument is this: Ghavami is required to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), but he has not done so. Accordingly, the Court should dismiss his case.

This argument fails; the PLRA's administrative exhaustion requirement does not apply to Ghavami's case. The PLRA text states, "No action shall be brought with respect to prison

R:\Duvvuri\Ghavami v. Alanis\Order Denying Ledesma's Motion for Summary Judgment.wpd - Page 1

102

conditions under . . . Federal law, by *a prisoner confined in any jail, prison, or other correctional facility* until such administrative remedies as are available are exhausted."[1] And the Fifth Circuit has held a PLRA restriction inapplicable where the plaintiff was not a prisoner when that case was filed.[2] Given that Ghavami is not a prisoner now and has never been a prisoner throughout this litigation,[3] Ledesma's Motion for Summary Judgment based on Ghavami's alleged failure to exhaust administrative remedies under the PLRA is hereby DENIED.

Signed this 4th day of April, 2006.

_____
ROYAL FURGESON
UNITED STATES DISTRICT JUDGE

---

[1] 42 U.S.C. § 1997e(a) (2006).

[2] *Janes v. Hernandez*, 215 F.3d 541, 543 (5th Cir. 2000) ("[T]his Act applies to only those suits filed by prisoners. Because Janes was not a prisoner when this complaint was filed, the fee limits of the Act did not apply.").

[3] Apart from the common-sense meaning of the term "prisoner," the definition of that word in the statute makes this clear. It says, "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h) (2006). Ghavami clearly does not meet this definition (and never has during the course of this litigation).

R:\Duvvuri\Ghavami v. Alanis\Order Denying Ledesma's Motion for Summary Judgment.wpd - Page 2