UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADLEY CADDELL, § | | |
| § PLAINTIFF § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:14-03323 | |
| § | | |
| § | JURY DEMAND | |
| BRAD LIVINGSTON, WILLIAM STEPHENS, § | | |
| RICK THALER, ROBERT EASON, JEFF § | | |
| PRINGLE, BALDEN POLK, LOUIS § | | |
| WILLIAMS, LANETTE LINTHICUM, § | | |
| PHYLLIS McWHORTER, and the TEXAS § | | |
| DEPARTMENT OF CRIMINAL JUSTICE § | | |
| DEFENDANTS § | | |

**PLAINTIFF'S FIRST OPPOSED REQUEST FOR JUDICIAL NOTICE
OF GOVERNMENT DOCUMENTS (WEB SITE CONTENTS)**

Plaintiff requests the Court to take judicial notice of facts contained in government documents. FED. R. EVID. 201, 902(5). Specifically, Plaintiff requests judicial notice of portions of government web sites, as the facts in these documents may be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2).

It is well-settled that a court may take judicial notice of the contents of a governmental entity's website. The Fifth Circuit has done so on more than one occasion. *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005); *Kitty Hawk Aircargo, Inc. v. Chao,* 418 F.3d 453, 457 (5th Cir. 2005). Numerous other courts have agreed that it is proper to take judicial notice of information on government web sites. *See*, *e.g.*, *Daniels–Hall v. National Educ. Ass'n,* 629 F.3d 992, 999 (9th Cir. 2010); *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir. 2007); *Denius v. Dunlap,* 330 F.3d 919,

926-27 (7th Cir. 2003); *U.S. ex rel. Modglin v. DJO Global Inc.*, 48 F.Supp.3d 1362, 1381 (C.D.Cal. 2014); *Hansen Beverage Co. v. Innovation Ventures, LLC,* No. 08–CV–1166–IEG, 2009 WL 6597891, *2 (S.D.Cal. Dec. 23, 2009); *Paralyzed Veterans of Am. v. McPherson,* No. C 06–4670, 2008 WL 4183981, *5 (N.D.Cal. Sept. 8, 2008); *In re Wellbutrin SR/Zyban Antitrust Litig.,* 281 F.Supp.2d 751, 754 n. 2 (E.D.Pa. 2003); *Cali v. E. Coast Aviation Servs., Ltd.,* 178 F.Supp.2d 276, 287 n. 6 (E.D.N.Y. 2001); *In re Agribiotech Sec. Litig.,* No. CV-S-990144 PMP (LRL), 2000 WL 35595963, *2 (D.Nev. Mar. 2, 2000).

Moreover, each web site excerpt listed below is admissible under Federal Rule of Evidence 902(5) as a "publication purporting to be issued by a public authority."

Plaintiff requests the Court to take judicial notice of the following excerpts from government agency web sites establishing facts in support of certain allegations in Plaintiff's Complaint which Defendant has challenged by means of its Motion to Strike, and which may be relevant to the Court while considering Defendants' motion for judgment on the pleadings (Doc. 47) (the URLs are supplied below, and printouts of the relevant pages with the pertinent portions marked are attached as exhibits to this motion):

- National Weather Service web site: "What is Heat Index?" National Oceanic and Atmospheric Administration, http://www.noaa.gov/features/02_monitoring/heatindex.html (last visited May 13, 2015) (Ex. 1), the source of the allegations in paragraph 17 of Plaintiff's complaint;[1]

- Environmental Protection Agency web site: Excessive Heat Events Guidebook, p. 10 (2006), http://www.epa.gov/heatisland/about/pdf/EHEguide_final.pdf (Ex. 2), the source of the allegations in paragraph 18 and 38 of Plaintiff's complaint;

---

[1] Plaintiffs note Defendants Livingston, Thaler, Stephens, and Linthicum request the Court take judicial notice of NOAA data in their motion for judgment on the pleadings. Doc. 47, p. 6.

- Centers for Disease Control and Prevention/National Institute for Occupational Safety and Health (NIOSH) web site: "Heat Stress," http://www.cdc.gov/niosh/topics/heatstress/ (Ex. 3), the source of the allegations in paragraphs 23, 25, and 27 of Plaintiff's complaint;

- U.S. Department of Defense web site, Review of Department Compliance with President's Executive Order on Detainee Conditions of Confinement, p. 17-18, available at http://www.defense.gov/pubs/pdfs/REVIEW_OF_DEPARTMENT_COMPLIANCE_WITH_PRESIDENTS_EXECUTIVE_ORDER_ON_DETAINEE_CONDITIONS_OF_CONFINEMENTa.pdf (Ex. 4), the source of the allegations in paragraph 33 of Plaintiff's complaint ("The interior temperature [at the prison camp at Guantanamo Bay] is kept at a comfortable level for detainees and staff (typically between 75 and 80 degrees Fahrenheit)");

- National Weather Service web site, Heat Index, http://www.nws.noaa.gov/om/heat/heat_index.shtml (Ex. 5); and Heat Index Information, http://www.weather.gov/gjt/heat_index (Ex. 6); and Heat Wave: A Major Summer Killer, http://www.nws.noaa.gov/os/brochures/heat_wave.shtml (Ex. 7) the source of the allegations in paragraph 39-41 (p.11-13) of Plaintiff's complaint.

The court "must" take judicial notice of this evidence upon the request of a party. *See* FED. R. EVID. 201(c)(2). Furthermore, the Court may consider judicially noticed matters in connection with a motion for judgment on the pleadings without converting the motion to one for summary judgment, and Plaintiff requests the Court to do so here. *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 685 (S.D. Tex.) *aff'd*, 582 F. App'x 279 (5th Cir. 2014). Finally, in a civil case, the Court must instruct the jury to accept the facts that have been judicially noticed as conclusive. FED. R. EVID. 201(f).

For these reasons, Plaintiff requests the Court to take judicial notice of the portions of the government web sites listed above, considered the judicially-noticed facts in connection with Plaintiff's response to Defendant's Motion for Judgment on the Pleadings, and at trial instruct the jury that the facts judicially noticed have been conclusively proved.

Date: May 22, 2015

        Respectfully submitted,

        EDWARDS LAW
        The Haehnel Building
        1101 East 11th Street
        Austin, TX 78702
        Tel.    512-623-7727
        Fax.   512-623-7729

        By    /s/ Jeff Edwards
               JEFF EDWARDS
               State Bar No. 24014406
               jeff@edwards-law.com
               SCOTT MEDLOCK
               State Bar No. 24044783
               scott@edwards-law.com

        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case Files System of the Southern District of Texas.

## CERTIFICATE OF CONFERENCE

By my signature above, I certify that I conferred with counsel for the Defendants, Cynthia Burton, and she is opposed to the relief requested here.